**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **LAKEVIEW LOAN SERVICING, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **MO:25-CV-00206-DC-RCG** |
| | § | |
| **DAVID LEGARRETTA; EDWARD A.** | § | |
| **RODRIGUEZ; THE UNKNOWN** | § | |
| **HEIRS OF YADIRA PORRAS a/k/a** | § | |
| **YADIRA LEGARRETTA, DECEASED;** | § | |
| **UNITED STATES OF AMERICA, ON** | § | |
| **BEHALF OF THE SECRETARY OF** | § | |
| **HOUSING AND URBAN** | § | |
| **DEVELOPMENT; and MV REALTY** | § | |
| **OF TEXAS, LLC;** | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Lilly Plummer's ("Plummer") Motion to Dismiss Party.[1]
(Doc. 6).[2] This case is before the Court through a Standing Order pursuant to 28 U.S.C. § 636
and Appendix C of the Local Court Rules for the Assignment of Duties to United States
Magistrate Judges. After due consideration of Plummer's Motion and the case law, the Court
**RECOMMENDS** Plummer's Motion to Dismiss be **GRANTED**. (Doc. 6).

## I.    BACKGROUND

Plaintiff Lakeview Loan Servicing, LLC ("Plaintiff") initially filed a related foreclosure
action in the 238th Judicial District Court of Midland County, Texas, in which Plummer was
appointed as attorney ad litem for Defendant Unknown Heirs of Yadira Porras a/k/a Yadira
Legarretta, deceased ("Unknown Heirs"). (Doc. 1-2). While that case was pending, Plaintiff filed
this action, which involves the same property at issue in the state court case. (Doc. 1). After this

---

1. The Court notes Plummer is not formally a party to this case within the meaning of Federal Rule of Civil
Procedure 10(a), as she is neither named in the caption nor identified in the Complaint. Nevertheless, the Court
construes her Motion as seeking clarification of her status on the docket and resolves it on that basis.

2. All page number citations are to CM/ECF generated pagination unless otherwise noted.

case was initiated, the state case was nonsuited under Texas Rule of Civil Procedure 162. (Doc. 6-1 at 2). In this federal case, Plaintiff attached the prior state court ad litem appointment to its complaint and requested that a summons be issued to Plummer as attorney ad litem. (Docs. 1-2, 4-2). Plummer moved to dismiss herself as a party on June 30, 2025. (Doc. 6). On September 11, 2025, this Court ordered Plaintiff to file a Response to Plummer's Motion by September 25, 2025. (Doc. 11). To date, Plaintiff has not responded to Plummer's Motion. Accordingly, this matter is ripe for disposition.

## II.     LEGAL STANDARD AND ANALYSIS

As a preliminary matter, Plaintiff's failure to respond to Plummer's Motion permits the Court to treat it as unopposed under Local Rule CV-7(d)(2). However, the Court will still consider the merits of Plummer's Motion. *See Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) (explaining dispositive motions should not be granted solely because they are unopposed).

Plummer contends service on Defendants Unknown Heirs must be accomplished by publication and that this requirement cannot be satisfied by serving her instead. (Doc. 6 at 4). The Court agrees. Texas Rules of Civil Procedure 244 provides "[w]here service has been made by publication, and no answer has been filed nor appearance entered within the prescribed time, the court shall appoint an attorney to defend the suit on behalf of the defendant . . . ." TEX. R. CIV. P. 244. Although Rule 244 is nominally a state procedural law, "federal courts sitting in diversity should apply [Rule 244] following service by publication." *Freedom Mortg. Corp. v. Porcher*, No. 22-CV-00226, 2023 WL 3874332, at *6 (W.D. Tex. June 6, 2023). Importantly, under Rule 244, an attorney ad litem may be appointed only *after* proper service by publication has been made. *See id.* at *4 (recognizing Rule 244 kicks in only after service has been properly

effectuated). Rule 244 does not itself authorize or substitute for proper service. *See Deutsche Bank Nat'l Tr. Co. v. McKnight*, No. 15-CV-00310, 2017 WL 655657, at *3 (S.D. Tex. Feb. 15, 2017) ("Once service by publication is authorized . . . if the defendant still fails to answer or file an appearance, Rule 244 kicks in."). Thus, Rule 244 applies only after the plaintiff has properly effected service by publication.

In this case, there is no indication proper service by publication has been made. Accordingly, Rule 244 provides no basis for appointing an attorney ad litem or for maintaining Plummer as such in this case.

### III.   RECOMMENDATION

In accordance with the above discussion, the Court **RECOMMENDS** Plummer's Motion to Dismiss be **GRANTED** to the extent it seeks clarification of her nonparty status. (Doc. 6). The Court further **RECOMMENDS** the Clerk of Court be **DIRECTED** to terminate Plummer from the docket to reflect she is not a party in this action. The Court finally **RECOMMENDS** Plummer's request for attorney's fees, expenses, costs, and interest be **DENIED**. *Id.*

SIGNED this 29th day of October, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).